UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHNNIE FLANAGAN & LAURA CHAPMAN,
*individually and on behalf of other persons similarly situated*,

                                        Plaintiffs,

                                                                Case # 25-CV-6225-FPG

v.

                                                                DECISION AND ORDER

PUBLIC PARTNERSHIPS, LLC,

                                        Defendant.

## INTRODUCTION

Plaintiffs Johnnie Flanagan and Laura Chapman bring this action individually and on behalf of other persons similarly situated against Defendant Public Partnerships, LLC pursuant to the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations ("NYCRR"). ECF No. 1. Defendant moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(7). ECF No. 16. In the alternative, Defendant moves to strike the class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23. *Id*. Plaintiffs oppose the motions. ECF No. 20. For the following reasons, Defendant's motion, ECF No. 16, is DENIED.

## BACKGROUND

According to the complaint, Plaintiffs are current employees of Defendant. ECF No. 1 ¶ 2. Specifically, Plaintiffs are employed by Defendant as direct care home workers called "personal assistants." *Id*. ¶¶ 2, 4. As personal assistants, Plaintiffs provide personal care services to Defendant's patients ("the Consumers") through a Medicaid-funded New York home care program called the "Consumer Directed Personal Assistance Program" ("CDPAP"). *Id.* ¶ 2. Defendant is a Delaware entity that has been designated by the New York State Department of Health

1

("NYDOH") to be a fiscal intermediary for CDPAP. *Id.* ¶ 3. Plaintiffs allege that pursuant to its contract with NYDOH, as the fiscal intermediary, Defendant agreed to be the joint employer of the personal assistants who perform services in CDPAP for purposes of state wage and hours law. *Id.* ¶ 22. Plaintiffs' other joint employers are the Consumers they assist. *Id.* ¶ 4.

On April 23, 2025, Plaintiffs brought the instant action in this Court individually and on behalf of those similarly situated pursuant to the FLSA, NYLL, and NYCRR. *Id.* ¶ 1. Plaintiffs allege that they have not been paid accurately for all work hours since becoming employed by Defendant and that Defendant has engaged in a policy and practice of "rejecting wage payment [for] legitimate work hours" as well as a policy and practice of failing to pay "minimum wages, overtime compensation, call-in pay, split shift pay, and spread of hours pay." *Id.* ¶ 5. They also allege that Defendant has failed to pay a recruitment bonus as an earned wage, failed to comply with the notice and pay transparency requirements of the New York Wage Theft Prevention Act, and failed to comply with timely wage payment law under the NYLL. *Id.*

Plaintiffs seek as relief (1) an award of damages, including unpaid minimum wage and overtime, liquidated damages interest, and attorneys' fees; (2) a declaration that Defendant's conduct complained of in the complaint is violative of Plaintiffs' rights under the FLSA and NYLL; (3) the implementation of a payroll and labor-compliant system for tracking and recording work hours of Plaintiffs and class members; (4) an award of spread of hours pay, call-in pay, and split shift pay; (5) an award of damages based on untimely payment of wages; (6) an award of damages due to violations of the Wage Theft Prevention Act; (7) an award of liquidated damages; (8) appropriate equitable and injunctive relief, including but not limited to ordering Defendant to cease and correct its unlawful practices; (9) an award of pre-judgment and post-judgment interest; (10) penalties as provided by law; (11) an award of costs associated with this action; and (12) reasonable

service awards for the Named Plaintiffs. *Id.* at 33–34. Plaintiffs also seek relief from the Court related to certifying this action as a class action. *Id.* at 33. On June 20, 2025, in lieu of answering the complaint, Defendant brought the instant motion. ECF No. 16.

**DISCUSSION**

Defendant now moves (I) to dismiss Plaintiffs' complaint pursuant Rule 12(b)(7) for failure to join an indispensable party; or (II) in the alternative, to strike Plaintiffs' class allegations pursuant to Rules 12(f) and 23. ECF No. 16. The Court discusses each motion in turn.

## I.    Motion to Dismiss

Defendant first argues that this action must be dismissed because the Consumers are indispensable parties. ECF No. 16-3 at 13. The Court disagrees.

### a.  Legal Standard

Under Rule 12(b)(7), a Court may dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 sets forth a "two-step test for determining whether the court must dismiss an action for failure to join an indispensable party." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). First, the Court must determine whether an absent party belongs in the suit—that is, whether the party qualifies as a "necessary" party under Rule 19(a). *Id.* (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968)). A party is necessary under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the Court makes a threshold determination that a party is necessary under Rule 19(a) and joinder of the absent party is not feasible for jurisdictional or other reasons, then the Court continues to the second step of the analysis to determine whether the party is indispensable under Rule 19(b). *Viacom Int'l, Inc.*, 212 F.3d at 725. However, if a party does not qualify as necessary under Rule 19(a), then the Court need not decide whether its absence warrants dismissal under Rule 19(b). *Id.* at 724.

### b.  Rule 19(a)(1)(A)

Defendant argues that the Consumers are necessary parties under Rule 19(a)(1)(A) because the Court cannot provide complete relief in the absence of the Consumers. ECF No. 16-3 at 15. A party is necessary under Rule 19(a)(1)(A) only if "in that person's absence, the court cannot accord complete relief *among existing parties*." Fed. R. Civ. P. 19(a)(1) (emphasis added). Therefore, this subsection "is concerned only with those who are already parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006). "This means that even if further litigation with a non-party is inevitable if the plaintiff prevails, the party is not necessary under Rule 19(a)(1)(A) so long as the plaintiff can obtain all the relief it currently seeks in their absence." *Meisels v. Meisel*, No. 19-CV-4767, 2024 WL 3889007, at *6 (E.D.N.Y. Aug. 20, 2024) (quotation omitted).

Defendant makes numerous arguments as to why the Court cannot grant complete relief in the absence of the Consumers. First, Defendant argues that at the heart of this action is a dispute between Plaintiffs and both Defendant and the Consumer. ECF No. 16-3 at 15. Therefore, it argues that complete relief cannot be accorded absent the Consumers because Plaintiffs are also employed by the Consumers and the Consumers are responsible for managing Plaintiffs' schedules, attesting to the accuracy of Plaintiffs' time sheets, transmitting time sheets, timely distributing paychecks,

and managing how many hours Plaintiffs worked. *Id.* at 16. Second, it argues that complete relief cannot be granted absent the Consumers because Plaintiffs seek injunctive relief. *Id.* As such, it argues that if the Consumers are not joined, the Consumers will be free to engage in precisely the same conduct that gave rise to this action. *Id.* Third, Defendant argues that any award of liability or damages against Defendant alone would be ineffectual because it would still leave the Consumers free to engage in the same conduct that gave rise to this action. *Id.* at 16–17. Finally, Defendant argues that if the Court were to enjoin Defendant from engaging in certain conduct, then Defendant would have to impose restrictions on the Consumers without the Consumers being able to assert their rights.[1] *Id.* at 17.

The Court is unpersuaded by these arguments. As explained above, Rule 19(a)(1)(A) "is concerned only with those who are already parties." *See MasterCard Int'l Inc.*, 471 F.3d at 385. Thus, in this case, the Consumers are only necessary if in their absence, this Court would be unable to grant complete relief between Defendant and Plaintiffs. *See id.* Consequently, the relevant question is not whether Plaintiffs could also seek relief against the Consumers, or if Plaintiffs could obtain other forms of relief if the Consumers are joined, or if this action could impact Defendant's relationship with the Consumers. Instead, the relevant question is whether Plaintiffs, if they prove their case, will be able to obtain the relief they seek from Defendant. *See Cont'l Kraft Corp. v.*

---

[1] Defendant also argues that this action must be dismissed because the Consumers are parties to the contract at issue and as such, are indispensable parties. ECF No. 16-3 at 14. It is unclear whether this argument is related to Rule 19(a)(1)(A), Rule 19(a)(1)(B), or Rule 19(b). In any event, it does not change the Court's analysis because for the reasons described in Part I, *supra*, the Consumers are not necessary parties pursuant to Rule 19(a)(1)(A) or Rule 19(a)(1)(B), and therefore, are not indispensable parties pursuant to Rule 19(b).

The Court also rejects Defendant's argument that Plaintiffs conceded that the Consumers are indispensable parties because they failed to specifically address the argument that all parties to a contract are indispensable in their opposition. ECF No. 21 at 9. Plaintiffs opposed Defendant's motion in its entirety, and thus, their failure to mention this specific argument is of no import. *See* ECF No. 20.

*Euro-Asia Dev. Grp., Inc.*, No. 97 CV. 0619, 1997 WL 642350, at *7 (E.D.N.Y. Sept. 8, 1997). If Plaintiffs would be able to obtain relief directly from Defendant regardless of whether the Consumers are a party, then the Consumers are not a necessary party under Rule 19(a)(1)(A). *See Local 1180, Commc'ns Workers of Am., AFL-CIO v. City of New York*, 318 F. Supp. 3d 672, 679 (S.D.N.Y. 2018).

Here, Plaintiffs seek relief based on Defendant's conduct alone; that is, they seek relief for Defendant's alleged violations of the statutes at issue and seek to prevent Defendant from continuing to violate these statutes. *See* ECF No. 1. Defendant has raised no argument that it is incapable of providing the relief Plaintiffs currently seek; that is, it has not explained how it would be unable to provide awards and damages based on its own alleged violations of the statutes at issue or why it would be unable to provide the requested injunctive relief, which is only related to its own conduct.[2] As such, there is no merit to Defendant's arguments that the relief Plaintiffs seek cannot be accorded in the absence of the Consumers. Consequently, the Court concludes that the Consumers are not necessary parties pursuant to Rule 19(a)(1)(A). *See Bingham v. Rynkewicz*, No. 16-CV-06829, 2019 WL 275826, at *3 (W.D.N.Y. Jan. 22, 2019) (holding that a party was not necessary under Rule 19(a)(1)(A) where the plaintiff "demand[ed] relief only from [d]efendant based on [d]efendant's own conduct, not based on the actions of others").

### c.  Rule 19(a)(1)(B)

Defendant also argues that Rule 19(a)(1)(B) applies in this case because if the Court were to proceed without the Consumers as parties, it would impair the Consumers' interests and create

---

[2] Defendant also argues that an injunction binding solely Defendant would subject Defendant to a risk of contempt of court for noncompliance with orders because it cannot control the Consumers' actions. ECF No. 21 at 8. There is no merit to this argument. Plaintiffs' action relates only to Defendant's conduct, and therefore, the Consumers potential noncompliance with court orders is irrelevant.

a substantial risk of inconsistent judgments. ECF No. 16-3 at 17. However, the Court rejects this argument. Rule 19(a)(1)(B) requires that the absent party "claim[] an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Therefore, the applicability of this subsection is contingent upon the absent party asserting a legally protected interest in this case. *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996). As the Second Circuit has explained, a defendant cannot attempt to assert an interest on behalf of a third party under Rule 19(a)(1)(B). *Id.* Instead, "[i]t is the absent party that must 'claim an interest.'" *Id.* Thus, in the present case, Defendant cannot assert an interest on behalf of the Consumers. The Consumers must claim that interest for Rule 19(a)(1)(B) to apply.

Here, the Consumers have not moved to intervene in the instant litigation and there is no indication that they have otherwise attempted to assert an interest in this litigation. As such, Rule 19(a)(1)(B) is inapplicable because the Consumers have not claimed a legally protected interest relating to the subject matter of this action. *See Fair Hous. v. Town of Huntington*, No. 02-CV-2787, 2010 WL 2730757, at *11 (E.D.N.Y. July 8, 2010) ("[N]one of the allegedly indispensable parties has moved to join the instant litigation and, thus [Rule 19(a)(1)(B)] is inapplicable."); *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 508 (D. Conn. 2013) (holding that a defendant failed to show that a party was necessary under Rule 19(a)(1)(B) because there was "no indication that [the party] ha[d] sought to intervene to protect its rights.").

As Defendant has not established that the Consumers are necessary parties under Rule 19(a)(1)(A) or 19(a)(1)(B), the Court need not address whether the parties are indispensable under Rule 19(b), and Defendant's motion to dismiss for failure to join an indispensable party is denied.

## II.    Motion to Strike Class Allegations

Defendant also moves to strike Plaintiffs' class allegations pursuant to Rules 12(f) and 23. ECF No. 16-3 at 22. Rule 12(f) provides that a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pursuant to Rule 23, "[a]t an early practicable time after a person sues . . .  as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "While courts typically determine whether to certify a class by considering a plaintiff's motion for certification, a defendant need not wait for the plaintiff to act and may, in fact, move preemptively for an order denying class certification." *Small v. General Nutrition Companies, Inc.*, 388 F. Supp. 2d 83, 99–100 (E.D.N.Y. 2005). Thus, a motion to strike class allegations is procedurally permissible at the pleading stage. *Davis v. Navient Corporation*, No. 17-CV-00992, 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018).

Nevertheless, such motions are disfavored and rarely granted because they require "a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015). "Accordingly, to succeed on a motion to strike class allegations, a defendant must demonstrate from the face of the complaint that it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery." *Guariglia v. Procter & Gamble Company*, No. 15-CV-04307, 2018 WL 1335356, at *11 (E.D.N.Y Mar. 14, 2018) (internal quotation marks omitted). Further, "district courts in this Circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more

complete factual record can aid the Court in making this determination." *Mazzola v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012).

Here, Defendant argues that Plaintiffs' allegations cannot satisfy Rule 23 because on the face of the complaint, "it is apparent that Plaintiffs cannot possibly demonstrate commonality or predominance" and that "Plaintiffs cannot establish that a class action is superior to other available methods of adjudication as required by Rule 23(b)(3)." ECF No. 16-3 at 26–27. The Court disagrees. As for commonality, in the context of wage-and-hour disputes, courts have found commonality satisfied where the claim is grounded in an employer's allegedly unlawful policy or practice. *See, e.g.*, *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 363 (S.D.N.Y. 2014). As for predominance, the requirement is satisfied where the "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and . . . these particular issues are more substantial than the issues subject only to individualized proof." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). As for superiority, where "all class members' allegations are based on uniform policies and practices giving rise to predominantly common questions of fact and law, a class action is superior." *Spencer v. No Parking Today, Inc.,* No. 12 Civ. 6323, 2013 WL 1040052, at *27 (S.D.N.Y. Mar. 15, 2013), *R & R adopted by* 2013 WL 2473039 (S.D.N.Y. June 7, 2013) (collecting cases).

In this case, Plaintiffs have alleged that class members are the victims of Defendant's common policy and practice, ECF No. 1 ¶ 85, that questions of law and fact common to the Plaintiffs and Class Members predominate over any questions affecting individual members, *id.* ¶ 91, and that all class members were subject to the practices of Defendant, which caused Plaintiffs and Class Members to sustain similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures, *id.* ¶¶ 93, 96. Therefore, there is no merit to the argument that

Plaintiffs' allegations cannot satisfy Rule 23's requirements of commonality, predominance, and superiority.[3] To the extent that Defendant argues that Plaintiffs ultimately will be unable to establish that each of Rule 23's requirements are met, it would be premature for the Court to make such a determination at this time. *See Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013) ("[I]n this Circuit, a motion to strike class claims is considered premature if the issues raised are the same ones that would be decided in connection with determining the appropriateness of class certification under Rules 23(a) and 23(b)."(quotation omitted)). Consequently, Defendant's motion to strike class allegations is denied without prejudice to renewal at the appropriate time.

## CONCLUSION

For the foregoing reasons, Defendant's Motion, ECF No. 16, is DENIED. Defendant shall answer Plaintiffs' complaint by April 23, 2026.

IT IS SO ORDERED.

Dated: March 23, 2026
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[3] Defendant also argues that it would be impossible to certify the alleged class regardless of any facts Plaintiffs may be able to obtain during discovery because "the facts that defeat the commonality and predominance requirements . . . are not facts that can be developed during discovery." ECF No. 16-3 at 28. Because the Court has concluded that Plaintiffs have sufficiently alleged commonality and predominance, it also rejects this argument.