UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHNNIE FLANAGAN, LAURA CHAPMAN, individually and on behalf of other persons similarly situated,

Plaintiffs,

- against -

PUBLIC PARTNERSHIPS, LLC,

Defendant.

Case No. 6:25-cv-06225

**ANSWER**

Defendant Public Partnerships, LLC ("PPL"), by its attorneys, Davis Wright Tremaine LLP, hereby answers the complaint (the "complaint") of plaintiffs Johnnie Flanagan and Laura Chapman (together, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

1. Denies the allegations in paragraph 1 of the complaint, except admits that Plaintiffs purport to bring this action under the statutes and theories asserted therein.

2. Denies the allegations in paragraph 2 of the complaint, except admits that Plaintiffs provide personal care services to Consumers within the CDPAP.

3. Denies the allegations in paragraph 3 of the complaint, except admits that PPL is a Delaware entity that has been designated by the NYSDOH as a fiscal intermediary and that it performs administrative functions for the CDPAP.

4. Denies the allegations in paragraph 4 of the complaint.

5. Denies the allegations in paragraph 5 of the complaint.

6. Denies the allegations in paragraph 6 of the complaint.

7. Denies the allegations in paragraph 7 of the complaint, except admits that Plaintiffs purport to bring this action under the statutes and theories asserted therein.

## THE PARTIES

8. Denies the allegations in paragraph 8 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Chapman is currently a resident of Danville, New York; and, further answering, PPL admits to the existence of Chapman's written consent to join this action.

9. Denies the allegations in paragraph 9 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Flanagan is currently a resident of Henrietta, New York; and, further answering, PPL admits to the existence of Flanagan's written consent to join this action.

10. Paragraph 10 of the complaint sets forth legal conclusions to which no responsive pleading is required, except PPL admits that it "is a limited liability company organized under the laws of the State of Delaware."

11. Paragraph 11 of the complaint sets forth legal conclusions to which no responsive pleading is required.

12. Paragraph 12 of the complaint sets forth legal conclusions to which no responsive pleading is required, except PPL admits that it has had an annual gross volume of sales made or business done in excess of $500,000.

13. Paragraph 13 of the complaint sets forth legal conclusions to which no responsive pleading is required, except PPL lacks knowledge or information sufficient to form a belief as to whether Plaintiffs provided personal care in households.

## FACTUAL BACKGROUND

14. Admits the allegations in paragraph 14 of the complaint.

15. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the complaint.

16. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the complaint.

17. Lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the complaint.

18. Admits to the existence of the SSL Amendment and respectfully refers the Court to the SSL Amendment for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 19 are inconsistent with the SSL Amendment, PPL denies them.

19. Admits to the existence of the SSL Amendment and respectfully refers the Court to the SSL Amendment for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 19 are inconsistent with the SSL Amendment, PPL denies them.

20. Admits the allegations in paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint, except admits that the NYSDOH selected PPL to be the single fiscal intermediary.

22. Admits to the existence of an agreement between PPL and the New York State Department of Health for PPL to serve as the single fiscal intermediary for the CDPAP, and it refers to that agreement for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 22 are inconsistent with the documentation referenced therein, PPL denies them.

23. Admits to the existence of an agreement between PPL and the New York State Department of Health, as well as of 18 NYCRR 505.28, and it refers to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 23 are inconsistent with the agreement and/or 18 NYCRR 505.28, PPL denies them.

24. Paragraph 24 of the complaint sets forth legal conclusions to which no responsive pleading is required.

25. Admits to the existence of 18 NYCRR 505.28, and refers to it for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 25 are inconsistent with 18 NYCRR 505.28, PPL denies them.

26. Denies the allegations in paragraph 26 of the complaint.

27. The reference to "employees" in paragraph 27 of the complaint is a legal conclusion to which no responsive pleading is required, and, further answering, PPL admits that "[p]ersonal assistants were eligible and did begin to enroll" with PPL in January 2025. PPL further admits to the existence of documents memorializing personal assistants' agreements to abide by the rules of the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 27 are inconsistent with the documentation referenced herein, PPL denies them.

28. PPL admits to the existence of documents memorializing personal assistants' agreements to abide by the rules of the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 28 are inconsistent with the documentation referenced herein, PPL denies them.

29. PPL admits to the existence of documents memorializing that personal assistants have completed registration to become a personal assistant in the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of

their contents. To the extent that the allegations in paragraph 29 are inconsistent with the documentation referenced herein, PPL denies them.

30. PPL admits to the existence of documents memorializing that personal assistants have completed registration to become a personal assistant in the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 30 are inconsistent with the documentation referenced herein, PPL denies them.

31. PPL admits to the existence of documents memorializing that personal assistants have completed registration to become a personal assistant in the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 31 are inconsistent with the documentation referenced herein, PPL denies them.

32. Admits the allegations in paragraph 32 of the complaint.

33. PPL admits to the existence of documents provided by it to personal assistants and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 31 are inconsistent with the documentation referenced herein, PPL denies them.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Denies the allegations in paragraph 36 of the complaint.

37. Denies the allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint, except admits the existence of Section 365-f of the Social Services Law.

39. Denies the allegations in paragraph 39 of the complaint, except PPL lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the process by which health plans determine authorized hours.

40. Denies the allegations in paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 of the complaint.

42. PPL admits to the existence of documents memorializing personal assistants' agreements to abide by the rules of the New York State CDPAP program and respectfully refers the Court to them for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 42 are inconsistent with the documentation referenced herein, PPL denies them.

43. Denies the allegations in paragraph 43 of the complaint, except admits that personal assistants were informed of the expectation not to work in excess of authorized time.

44. Denies the allegations in paragraph 44 of the complaint.

45. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint. Further answering, PPL states that delays in payment, if any, may be attributable to a number of factors outside PPL's control, including, for example, a delay in Consumer approval of recorded time.

46. Denies the allegations in paragraph 46 of the complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. PPL admits to the existence of documents memorializing personal assistants' agreements to abide by the rules of the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent

that the allegations in paragraph 49 are inconsistent with the documentation referenced herein, PPL denies them.

50. Denies the allegations in paragraph 50 of the complaint.

51. Denies the allegations in paragraph 51 of the complaint.

52. Denies the allegations in paragraph 52 of the complaint.

53. Denies the allegations in paragraph 53 of the complaint, except admits to the existence of documents memorializing personal assistants' agreements to abide by the rules of the New York State CDPAP program and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 53 are inconsistent with the documentation referenced herein, PPL denies them.

54. Denies the allegations in paragraph 54 of the complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning the observations of Plaintiffs and other personal assistants.

55. Denies the allegations in paragraph 55 of the complaint, except admits that personal assistants had a variety of ways to submit time records, including by e-mail.

56. Denies the allegations in paragraph 56 of the complaint, except admits to the existence of documents memorializing personal assistants' agreements to notify PPL of any error messages on Time4Care or PPL's web portal and respectfully refers the Court to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 56 are inconsistent with the documentation referenced herein, PPL denies them.

57. Denies the allegations in paragraph 57 of the complaint, except admits that PPL's policies and practices are compliant with federal Medicaid law. The allegation in paragraph 57

of the complaint that EVV systems "do not comply with labor law standards" is a legal argument to which no response is required.

58. Admits the allegations in paragraph 58 of the complaint.

59. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint concerning unspecified "EVV system[s]."

60. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the complaint concerning unspecified "EVV system[s]," and denies that Time4Care is administered in a manner consistent with the allegations in paragraph 60 of the complaint.

61. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint.

62. Denies the allegations in paragraph 62 of the complaint.

63. The allegation in paragraph 63 is a hypothetical description of fictitious people, and therefore requires no response. To the extent that paragraph 63 contains any factual allegations, PPL denies them.

64. The allegations in paragraph 63 consist of legal argument and a hypothetical description of a fictitious scenario, and therefore requires no response. To the extent that paragraph 64 contains any factual allegations, PPL denies them.

65. Denies the allegations in paragraph 65 of the complaint.

66. Denies the allegations in paragraph 66 of the complaint.

67. Denies the allegations in paragraph 67 of the complaint.

68. Denies the allegations in paragraph 68 of the complaint.

69. Denies the allegations in paragraph 69 of the complaint, except admits that Plaintiffs purport to bring this action under the statutes and theories asserted therein.

**JURISDICTION**

70. Paragraph 70 sets forth legal conclusions to which no responsive pleading is required.

71. Admit that this Court is empowered to issue a declaratory judgment but deny that Plaintiffs are entitled to such relief.

**VENUE**

72. Paragraph 72 sets forth legal conclusions to which no responsive pleading is required, except PPL admits that Plaintiffs purport to establish venue in this judicial district.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

73. Repeats and realleges the responses to paragraphs 1 through 72 of the complaint as if fully set forth herein.

74. Denies the allegations in paragraph 74 of the complaint, except admits that Plaintiffs purport to bring this action under the statutes and theories asserted therein.

75. Denies the allegations in paragraph 75 of the complaint, except admits that Plaintiffs purport to bring this action under the statutes and theories asserted therein.

76. Admits that Plaintiffs purport to define a proposed collective as set forth therein, except denies that collective treatment is appropriate for this action.

77. Denies the allegations in paragraph 77 of the complaint.

78. Paragraph 78 sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 78 contains any factual allegations, PPL denies them.

79. Paragraph 79 sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 79 contains any factual allegations, PPL denies them.

80. Denies the allegations in paragraph 80 of the complaint.

81. Denies that collective treatment of the purported collective members is appropriate in this matter, except admits that the purported collective members are identifiable and can be located through PPL's records.

82. Denies the allegations in paragraph 81 of the complaint, and specifically denies that collective treatment of the purported collective members is appropriate in this matter.

**NEW YORK CLASS ALLEGATIONS**

83. Repeats and realleges the responses to paragraphs 1 through 82 of the complaint as if fully set forth herein.

84. Denies the allegations in paragraph 84 of the complaint, and specifically denies that class treatment of the purported class members is appropriate in this matter, except admits that Plaintiffs purport to proceed as representatives of a class in this action.

85. Denies the allegations in paragraph 85 of the complaint.

86. Admits to the existence of an agreement between PPL and the New York State Department of Health, as well as of 18 NYCRR 505.28, and it refers to those documents for a full and accurate recitation of their contents. To the extent that the allegations in paragraph 86 are inconsistent with the agreement and/or 18 NYCRR 505.28, PPL denies them.

87. Denies the allegations in paragraph 87 of the complaint.

88. Denies that class treatment of the purported class members is appropriate in this matter, except admits that the purported class members and their payroll records are identifiable and can be located through PPL's records.

***Numerosity***

89. The allegations in paragraph 89 are legal conclusions to which no response is required. To the extent that paragraph 89 contains any factual allegations, PPL denies them, and

specifically denies that class treatment is appropriate in this matter. Further answering, PPL avers that the size of the purported class is in excess of 40 individuals.

90. The allegations in paragraph 90 are legal conclusions to which no response is required. To the extent that paragraph 90 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

***Common Questions of Law and/or Fact***

91. The allegations in paragraph 91 are legal conclusions to which no response is required. To the extent that paragraph 91 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

***Typicality***

92. The allegations in paragraph 92 are legal conclusions to which no response is required. To the extent that paragraph 92 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

93. Denies the allegations in paragraph 93 of the complaint.

94. Denies the allegations in paragraph 94 of the complaint.

95. Denies the allegations in paragraph 95 of the complaint.

96. Denies the allegations in paragraph 96 of the complaint.

***Adequacy***

97. The allegations in paragraph 97 are legal conclusions to which no response is required. To the extent that paragraph 97 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

98. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the complaint.

***Superiority***

99. The allegations in paragraph 99 are legal conclusions to which no response is required. To the extent that paragraph 99 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

100. The allegations in paragraph 100 are legal conclusions to which no response is required. To the extent that paragraph 100 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter, but admits that plaintiffs' damages, if any, are small.

101. The allegations in paragraph 101 are legal conclusions to which no response is required. To the extent that paragraph 101 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter.

102. The allegations in paragraph 102 are legal conclusions to which no response is required.

103. The allegations in paragraph 103 are legal conclusions to which no response is required. To the extent that paragraph 103 contains any factual allegations, PPL denies them, and specifically denies that class treatment is appropriate in this matter, except admits that it has been.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Minimum Wages**
**(Brought on behalf of Plaintiffs and Collective Members)**

104. Repeats and realleges the responses to paragraphs 1 through 103 of the complaint as if fully set forth herein.

105. Paragraph 105 of the complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 105 contains any factual allegations, PPL denies them, except admits to the existence of 29 U.S.C. 203.

106. Paragraph 106 of the complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 106 contains any factual allegations, PPL denies them, except admits to the existence of 29 U.S.C. 209 and 29 C.F.R. 552.109(a).

112. Paragraph 112[1] of the complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 112 contains any factual allegations, PPL denies them, except admits to the existence of Sections 201 et seq. of the FLSA.

115. Denies the allegations in paragraph 115 of the complaint.

116. Denies the allegations in paragraph 116 of the complaint.

117. Denies the allegations in paragraph 117 of the complaint.

119. Denies the allegations in paragraph 119 of the complaint.

120. Paragraph 120 of the complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 120 contains any factual allegations, PPL denies them, except admits to the existence of 29 U.S.C. 201 et seq.

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiffs and Collective Members)**

107. Repeats and realleges the responses to paragraphs 1 through 120 of the complaint as if fully set forth herein.

108. Denies the allegations in paragraph 108.

[1] This inaccurate numbering here and in subsequent paragraphs is adopted from that set forth in the complaint.

109. Paragraph 109 of the complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 109 contains any factual allegations, PPL denies them.

110. Denies the allegations in paragraph 110 of the complaint.

111. Denies the allegations in paragraph 111 of the complaint.

112. Denies the allegations in the second paragraph 112 of the complaint.

**<u>THIRD CAUSE OF ACTION</u>**
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiffs and Collective Members)**

113. Repeats and realleges the responses to paragraphs 1 through 112 of the complaint as if fully set forth herein.

114. Paragraph 114 of the complaint sets forth legal conclusions to which no responsive pleading is required.

115. Denies the allegations in the second paragraph 115 of the complaint.

116. Admits the existence of Section 663 of the New York Labor Law and refers to that statute for a full and accurate recitation of its contents. To the extent that the allegations in the second paragraph 116 are inconsistent with that law, PPL denies them.

117. Denies the allegations in the second paragraph 117 of the complaint.

118. Denies the allegations in the second paragraph 118 of the complaint, and specifically denies that class treatment is appropriate in this action.

**<u>FOURTH CAUSE OF ACTION</u>**
**New York Labor Law – Overtime**
**(Brought on behalf of Plaintiffs and Collective Members)**

119. Repeats and realleges the responses to paragraphs 1 through 118 of the complaint as if fully set forth herein.

120. Admits the existence of 12 NYCRR 142-2.2 and refers to that Rule for a full and accurate recitation of its contents. To the extent that the allegations in the second paragraph 120 are inconsistent with that Rule, PPL denies them.

121. Denies the allegations in paragraph 121 of the complaint.

122. Denies the allegations in paragraph 122 of the complaint.

123. Denies the allegations in paragraph 123 of the complaint.

124. Denies the allegations in paragraph 1124 of the complaint.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread of Hours**
**(Brought on behalf of Plaintiffs and Class Members)**

125. Repeats and realleges the responses to paragraphs 1 through 124 of the complaint as if fully set forth herein.

126. Admits to the existence of 12 NYCRR 142-2.4 and respectfully refers the Court to that Rule for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 126 are inconsistent with the Rule, PPL denies them.

127. Denies the allegations in paragraph 127 of the complaint.

128. Denies the allegations in paragraph 128 of the complaint.

129. Denies the allegations in paragraph 129 of the complaint.

130. Denies the allegations in paragraph 130 of the complaint.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Split Shift**
**(Brought on behalf of Plaintiffs and Collective Members)**

131. Repeats and realleges the responses to paragraphs 1 through 131 of the complaint as if fully set forth herein.

132. Admits the existence of 12 NYCRR 142-2.4 and refers to that Rule for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 132 are inconsistent with that Rule, PPL denies them.

133. Denies the allegations in paragraph 133 of the complaint.

134. Denies the allegations in paragraph 134 of the complaint.

135. Denies the allegations in paragraph 135 of the complaint.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay on a Timely Basis**
**(Brought on behalf of Plaintiffs and Class Members)**

136. Repeats and realleges the responses to paragraphs 1 through 135 of the complaint as if fully set forth herein.

137. Admits the existence of Section 191 of the NYLL and refers to that law for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 137 are inconsistent with that law, PPL denies them.

138. Denies the allegations in paragraph 138 of the complaint.

139. Denies the allegations in paragraph 139 of the complaint.

140. Denies the allegations in paragraph 140 of the complaint.

141. Denies the allegations in paragraph 141 of the complaint.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Wage Theft Prevention Act**
**(Brought on behalf of Plaintiffs and Collective Members)**

142. Repeats and realleges the responses to paragraphs 1 through 141 of the complaint as if fully set forth herein.

143. Admits the existence of the Wage Theft Prevention Act and refers to that law for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 143 are inconsistent with that law, PPL denies them.

144. Denies the allegations in paragraph 144 of the complaint.

145. Admits the existence of the Wage Theft Prevention Act and refers to that law for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 145 are inconsistent with that law, PPL denies them.

146. Denies the allegations in paragraph 146 of the complaint.

147. Denies the allegations in paragraph 147 of the complaint.

148. Denies the allegations in paragraph 148 of the complaint.

149. Admits the allegations in paragraph 149 of the complaint, but denies that class treatment is appropriate in this matter.

150. Denies the allegations in paragraph 150 of the complaint.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Call-In Pay**
**(Brought on behalf of Plaintiffs and Class Members)**

151. Repeats and realleges the responses to paragraphs 1 through 150 of the complaint as if fully set forth herein.

152. Denies the allegations in paragraph 152 of the complaint.

153. Denies the allegations in paragraph 153 of the complaint.

154. Admits the existence of 12 NYCRR 142-2.3 and refers to that Rule for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 143 are inconsistent with that Rule, PPL denies them.

155. Denies the allegations in paragraph 155 of the complaint; except admits that PPL provided online training to personal assistants.

156. Denies the allegations in paragraph 156 of the complaint.

157. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the complaint.

158. Denies the allegations in paragraph 158 of the complaint.

159. Denies the allegations in paragraph 159 of the complaint.

160. Denies the allegations in paragraph 160 of the complaint.

## TENTH CAUSE OF ACTION
**New York Labor Law – Breach of Contract**
**(Brought on behalf of Plaintiffs and Class Members)**

161. Repeats and realleges the responses to paragraphs 1 through 160 of the complaint as if fully set forth herein.

162. Admits to the existence of the advertisement referenced in paragraph 162 of the complaint and respectfully refers the Court to that document for a full and accurate recitation of its contents. To the extent that the allegations in paragraph 162 are inconsistent with that document, PPL denies them.

163. Denies the allegations in paragraph 163 of the complaint.

164. Denies the allegations in paragraph 164 of the complaint.

165. Denies the allegations in paragraph 165 of the complaint.

## PRAYER FOR RELIEF

Denies that Plaintiffs and the putative class are entitled to any relief demanded in paragraphs a through q of the Wherefore clause or to any relief whatsoever.

## DEFENSES

The statement of any defenses hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on the Plaintiffs.

1. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiffs and any and all putative collective and class action members were not "employees" of PPL within the meaning of the FLSA and NYLL.

3. Plaintiffs and the putative class lack standing to assert the claims set forth in the complaint.

4. The complaint is barred, in whole or in part, by the doctrine of laches, estoppel, and waiver.

5. Plaintiffs' claims and the claims of any and all collective and/or class action members are barred, based on the doctrine of unclean hands.

6. Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent, and incapable of calculation.

7. The complaint and each purported cause of action averred therein are barred to the extent they violate PPL's right to due process under the United States Constitution, the New York Constitution, or other applicable law, or otherwise violate any of PPL's constitutionally protected rights.

8. The complaint and each purported cause of action averred therein are barred to the extent Plaintiffs, any members of the putative class, or any averred collective member seek to recover civil penalties that are disproportionate to the actual harm suffered (which PPL contends there was none) because an award of penalties under such circumstances would constitute an excessive fine and otherwise would violate PPL's due process and other rights under the United States Constitution, the New York Constitution, or other applicable law.

9. The complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

10. The complaint is barred, in whole or in part, for failure to join all necessary parties to this action.

11. Any damages suffered by Plaintiffs and any and all putative collective and class action members were proximately caused in whole or in part by the wrongful conduct of nonparties (including but not limited to each of the consumers to whom personal assistants provided services), and therefore any recovery must be barred or apportioned according to the respective fault of those nonparties whose actions contributed to those alleged damages.

12. The complaint is barred, in whole or in part, to the extent that Plaintiffs, putative class members and putative collective members have entered into or are otherwise bound by a compromise, settlement, or release agreement regarding their claims.

13. The complaint is barred, in whole or in part, to the extent that Plaintiffs and putative class members are covered by other litigation bringing the same and/or overlapping claims.

14. The complaint is barred, in whole or in part, by the applicable statutes of limitations.

15. The complaint is barred, in whole or in part, because Plaintiffs and the putative class have been paid all wages due and owed.

16. The complaint is barred, in whole or in part, because any alleged injuries were caused by the acts or omissions of Plaintiffs, the putative class members, or by persons or entities other than PPL. Any purported acts or omissions by PPL did not directly or proximately cause the alleged injuries of Plaintiffs and the other members of the putative class.

17. At all times relevant to the acts alleged in the complaint, PPL's actions were reasonable, proper, lawful, made in good faith, and without malice, bad faith, willfulness, or intent to violate the Plaintiffs' rights, and PPL had reasonable grounds for believing their practices complied with the applicable statutes and regulations.

18. Plaintiffs' claims are barred, in whole or in part, because PPL's actions or omissions were taken in good faith in conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, interpretation, and/or administrative practice or policy pursuant to applicable law.

19. PPL is not the employer of Plaintiffs or the putative class or collective under the statutes cited in the complaint.

20. The complaint is barred, in whole or in part, because Plaintiffs and the putative class or collective acted contrary to express or generally understood policies and procedures. Thus, any such acts were not authorized by PPL and outside the scope of their agreement with PPL, as well as of applicable Medicaid and CDPAP regulations.

21. The complaint is barred in whole or in part, because PPL did not have actual knowledge or, control over, or participate in the alleged conduct and PPL did not authorize, require, request or permit the alleged conduct.

22. The complaint is barred, in whole or in part, because Plaintiffs and the putative class are claiming entitlement to compensation for time periods that fall within the *de minimis* exception.

23. The complaint is barred, in whole or in part, to the extent Plaintiffs and the putative class failed to avoid harm that could have been avoided with reasonable effort. At all times, PPL took reasonable steps to prevent and correct the alleged conduct, but Plaintiffs and the putative class failed to use the preventative and corrective measures that PPL provided, and reasonable use of PPL's procedures would have prevented some or all of that harm that Plaintiffs and the putative class allegedly suffered, if any.

24. The hours Plaintiffs and the collective and/or class action members claim to have worked are not "hours worked" within the meaning applicable under the FLSA and NYLL.

25. PPL did not willfully fail to pay Plaintiffs or the putative class any wages and/or monies claimed due, and there is a *bona fide*, good faith dispute with respect to PPL's obligations to pay any sum that might be alleged to be due to Plaintiffs and the putative class.

26. Plaintiffs and the putative class were provided with all required information, notices, and materials in accordance with the FLSA and NYLL.

27. Pursuant to the FLSA and NYLL § 198, PPL is not liable for a mere technical violation of such statutes, if applicable, because complete and timely payments of all wages due were made to Plaintiffs and the putative class, Plaintiffs and the putative class suffered no actual injury as a result of any alleged failure by PPL to give Plaintiffs and the putative class the required notices thereunder.

28. This matter is inappropriate for collective treatment.

29. Plaintiffs' claims, and those of any putative class alleged in the complaint, may not be certified or maintained as a class action because Plaintiffs cannot satisfy the prerequisites to a class action; Plaintiffs cannot properly or adequately represent the interests of others; the claims of the putative class members do not satisfy the prerequisites to a class action; liability cannot be assessed without individual testimony and evidence from Plaintiffs and each putative class member; litigation on a representative basis would be unmanageable and deprive PPL of the opportunity to present individualized defenses; and the damages sought by Plaintiffs on behalf of the alleged class cannot be recovered without specific proof of injury and damage by each putative class member.

30. To the extent that Plaintiffs' claims rely in any part on statutory or regulatory amendments or additions during the relevant period, those amendments or additions are not retroactive and bar Plaintiffs' and/or the putative class members' claims in whole or in part.

31. The complaint is barred, in whole or in part, because PPL fully performed all contractual, statutory, and other duties owed to Plaintiffs and the putative class.

32. The complaint is barred, in whole or in part, because Plaintiffs and the putative class have not suffered a cognizable injury or damage as a result of any acts or omissions on the part of PPL.

33. The complaint is barred, in whole or in part, because any recovery from PPL would result in unjust enrichment to Plaintiffs and the putative class. To the extent Plaintiffs or any putative class member is entitled to recovery, PPL is entitled to offset the value of all benefits already provided, including any assumptions or calculations that benefited Plaintiffs and putative class members but were not required by law.

34. The complaint or any relief sought by Plaintiffs is barred, in whole or in part, by such additional defenses as PPL may have that cannot now be articulated due to the fact that discovery has not yet commenced. PPL reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

WHEREFORE, PPL respectfully requests that the complaint be dismissed with prejudice and that PPL be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 23, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Roy Salins

Roy P. Salins
Michael Goettig
Matteo Taraborrelli
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020
(212) 489-8230
roysalins@dwt.com
michaelgoettig@dwt.com
matteotaraborrelli@dwt.com
*Attorneys for Defendant*
*Public Partnership, LLC*